IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T COMMUNICATIONS OF CALIFORNIA, et al.<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>PAC-WEST TELECOMM, INC., et al.<br><br>　　　　Defendants.<br>_____/ | No. C 06-07271 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON APRIL 13, 2007, AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively grants** AT&T's motion.

The parties each shall have ten (10) minutes to address the following questions:

1. Pac-West argues that to permit AT&T to deposit funds into the Court registry would alter existing obligations, because an interest bearing account would not bear the same interest that Pac-West would be entitled to receive for delinquent payments under its tariff. (*See* Declaration of Jennifer Lynch, Ex. A (noting that charges deemed delinquent will be subject to a late payment charge at the rate of 1-1/2% per month).

    a. If the Court granted the motion and found that AT&T would satisfy its obligations pending resolution of this litigation by paying amount due under the invoices to the Court registry, would Pac-West agree that timely payments would not be "delinquent." If not, on what basis?

    b. Given that AT&T has chosen not to pay invoices until the Court resolves the current motion, are there any invoices that are now delinquent under the tariff? If so, what is the amount due under those invoices and what amount of late charge, if any, has accrued?

    c. Recognizing the other objections Pac-West raises, if the Court were to require AT&T to make payments to the Court registry in a timely fashion, or face the 1-1/2% late charge, would that satisfy Pac-West's concerns about altering the legal obligations between the parties?

2. Are there any other issues the parties wish to address.

Dated: April 10, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE