IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T COMMUNICATIONS OF CALIFORNIA, et al.<br><br>    Plaintiffs,<br><br>  v.<br><br>PAC-WEST TELECOMM, INC., et al.<br><br>    Defendants.<br>_____/ | No. C 06-07271 JSW<br><br>**ORDER GRANTING PLAINTIFF AT&T'S MOTION FOR LEAVE TO MAKE DEPOSIT IN COURT PURSUANT TO FRCP 67.** |

**INTRODUCTION**

This matter comes before the Court upon consideration of the Motion to Make Deposit In Court Pursuant to Federal Rule of Civil Procedure 67, filed by Plaintiff AT&T Communications of California ("AT&T"). Having considered the parties' pleadings and relevant legal authority, and having had the benefit of oral argument, the Court HEREBY GRANTS AT&T's motion on the conditions set forth herein.

**BACKGROUND**

On November 27, 2006, Plaintiffs AT&T, Teleport Communications Group of Los Angeles, and Teleport Communications Group of San Diego (collectively "Plaintiffs") filed this action against Defendant Michael R. Peevey, in his official capacity as the Commissioner of the California Public Utilities Commission, and Defendants Geoffrey F. Brown, Dian M. Grunewich, John Bohn, and Rachelle Chong, in their official capacities as Commissioners of the California Public Utilities Commission (hereinafter, collectively, "the CPUC"). Plaintiff seeks

1  a declaration that the CPUC violated the Supremacy Clause of the United States Constitution
2  when it rendered a decision against AT&T and in favor of Defendant Pac-West Telecom, Inc.
3  ("Pac-West"), which requires AT&T to compensate Pac-West, according to a Pac-West tariff,
4  for internet service provider bound traffic that originated on AT&T's network but that
5  terminated on Pac-West's network.  (*See* Complaint ¶¶ 48-54.)  AT&T also brings a cause of
6  action for unjust enrichment and restitution against Pac-West to recover sums paid to Pac-West
7  in accordance with the CPUC's decision.  (*Id.* ¶¶ 55-60.)

8  AT&T brings this motion because it is obligated to continue to pay sums to Pac-West
9  under the CPUC decision.

## ANALYSIS

11  Federal Rule of Civil Procedure 67 provides, in relevant part,:

> In any action in which any part of the relief sought is a judgment for a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing.

15  Fed. R. Civ. P. 67.  Rule 67 enables a party to be relieved of responsibility for a disputed fund,
16  while the parties litigate ownership of the fund.  *See, e.g., Qwest Corp. v. City of Portland*, 204
17  F.R.D. 468, 470 (D. Or. 2001) (quoting *Cajun Elec. Power Coop., Inc. v. Riley Stoker Corp.*,
18  901 F.2d 441, 444-45 (5th Cir. 1990).  The question of whether or not to grant a Rule 67 motion
19  is a matter committed to the Court's discretion.  *See Gulf States Util. Co. v. Alabama Power
20  Co.*, 824 F.2d 1465, 1475 (5th Cir. 1987), *modified on other grounds* 831 F.2d 557 (5th Cir.
21  1987).

22  AT&T argues that the Court should grant it leave to pay any sums due to Pac-West
23  because the question of whether AT&T owes Pac-West these monies genuinely is in dispute.
24  *See Gulf States*, 824 F.2d 1475 (finding that district court did not abuse discretion in granting
25  Rule 67 motion where parties genuinely disputed whether funds were owed under contract).
26  Pac-West argues that the Court should deny the motion because AT&T cannot succeed on the
27  merits of its claim.  Pac-West is correct that the Court may consider the likelihood of success
28  when ruling on the motion, but, unlike a motion for a preliminary injunction, AT&T need not

establish a likelihood of success before this Court can grant its motion. *See id.* at 1475 n.11. It is evident to the Court that the parties genuinely dispute whether AT&T is required to pay the sums in dispute to Pac-West and, thus, this fact weighs in favor of granting the motion.[1]

Pac-West also argues that if it grants AT&T's motion, the Court will alter the legal obligations between the parties. (Opp. Br. at 7-8.)[2] The crux of Pac-West's argument appears to be that it has calculated a rate of interest on delinquent payments that compensates for the fact that it has no choice but to provide the service in question. However, that argument relates to the fact that Pac-West may be denied use of the funds for some period of time. That, however, is the purpose of depositing the funds in an interest bearing account. *See, e.g., American Nat'l Property and Casualty Co. v. Lindgren*, 736 F. Supp. 275, 276 (N.D. Ga. 1990).

In support of its argument that it would be improper to use Rule 67's procedures if it would alter the legal obligations of the parties, Pac-West relies on *LtV Corp. v. Gulf States Steel, Inc. of Alabama*, 969 F.2d 1050 (D.C. Cir. 1992). In that case, the parties signed a promissory note that permitted a certain rate of interest if the defendant defaulted on payments. *Id.* at 1063. At the time the district court permitted defendant to deposit sums due and owing to the plaintiff into the court registry, the defendant already had defaulted on the promissory note. As such, the court of appeals concluded that the district court abused its discretion in granting defendant's Rule 67 motion, because it permitted the defendant to avoid the contractual interest rate it owed the plaintiff.

In this case, at the time it filed the motion, AT&T was not delinquent on any payments due to Pac-West. Thus, the concerns at issue in *LTV Corp.* were not implicated. However, after it filed the motion, AT&T notified Pac-West that it would not pay any invoices until the Court resolved the motion. The parties confirmed at the hearing that AT&T is now delinquent on certain payments. The Court finds that it would alter the legal obligations to the parties if it

---

[1] Pac-West also did not argue that it would suffer any undue hardship if the Court granted the motion.

[2] The CPUC appeared at the hearing but did not present argument and has not filed an opposition to the instant motion.

3

allowed AT&T to avoid an interest rate that it would be otherwise required to pay for these delinquent payments, simply because it wishes to make payments to the Court, rather than to Pac-West. Accordingly, the Court shall grant AT&T's motion, but only on the condition that if AT&T fails to make a timely payment, it shall be subject to the interest rate called for by the Pac-West tariff.

Accordingly, it is HEREBY ORDERED that AT&T's motion is GRANTED and it shall be permitted to deposit funds due to Pac-West with the Court in an interest bearing account. The Court's Order is conditioned upon AT&T making those payments within the time the payments would otherwise be due to Pac-West. In the event AT&T fails to make a payment to the Court registry within the required time period, Pac-West shall be entitled to late charges due and owing under its tariff, and shall so notify AT&T and the Court that such charges are due and the amounts due and owing.

It is FURTHER ORDERED that AT&T's first payment of at least $32,408.92, shall be due to the Clerk within five (5) days of the date of this Order. The parties are ordered to calculate any additional interest that has accrued on that interest between the date of the hearing and the date the payment is made and to include that amount in AT&T's first payment to the Court.

**IT IS SO ORDERED.**

Dated: April 13, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE