IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AT&T COMMUNICATIONS, et al.

    Plaintiffs,

v.

PAC-WEST TELECOMM INC, et al.

    Defendants.

No. C 06-07271 JSW

**NOTICE OF QUESTIONS FOR HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON FEBRUARY 22, 2008, AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

Each party shall have twenty (20) minutes to address the following questions:

1. To the extent the Court must review the CPUC Decision to determine whether it is unconstitutional and preempted by the Telecommunications Act of 1996, what standard

of review would the parties have the Court apply to its review of the decision? On what authority do the parties rely in support of their respective positions on this question?

2. With respect to Plaintiffs' preemption argument, is the Court correct that they contend that the FCC has preempted the field of reciprocal compensation for ISP-bound traffic? (*See* AR at 0068.)

3. The ISP Remand Order arises out of the Telecommunications Act of 1996 and the efforts to increase local competition. In light of that background, what is Plaintiffs' best argument that the FCC intended to address CLEC to CLEC compensation for ISP-bound traffic?

   a. Paragraph 8 of the ISP Remand Order refers generically to "LECs" that may receive compensation for ISP bound traffic. Although that paragraph also refers to interconnection agreements, and although Section 251 of the TCA imposes a duty on ILECs to enter into interconnection agreements with CLECs, is there any provision of the TCA that would have precluded two CLECs from voluntarily entering into interconnection agreements?

   b. In the ISP Remand Order, the FCC demonstrated that it knew how to distinguish between ILECs and CLECs when such a distinction was required. (*See, e.g.,* ISP Remand Order at ¶¶ 13, 70, 89, 98.) What are the Defendants' best arguments that when the FCC used the term "LEC" without modifying it with "incumbent" or "competitive," it did not intend the term to apply to all types of carriers?

4. Would Pac-West and the CPUC Defendants agree that the FCC's concerns about market distortions and regulatory arbitrage are applicable to a CLEC-CLEC relationship as well as to an ILEC-CLEC relationship? *See* ISP Remand Order, ¶ 2 ("such market distortions relate not only to ISP-bound traffic, but may result from *any intercarrier compensation regime that allows a service provider to recover some of its costs from other carriers than from its end-users*") (emphasis added).)

5. What is the CPUC's best argument that its decision is not a "back door" attempt at generic rule making in violation of the Ninth Circuit's decision in *Pacific Bell v. Pac-West Telecomm, Inc.,* 325 F.3d 1114 (9th Cir. 2003)?

6. The record suggests that the parties did dispute whether the traffic at issue was ISP-bound traffic in the proceedings before the CPUC. If the Court were to determine that the CPUC did not have jurisdiction to issue a ruling regarding compensation for ISP-bound traffic but also determined that there are factual disputes about whether all of the traffic in dispute is ISP-bound traffic, what is Plaintiffs' best argument that the Court should not remand to the CPUC to determine what payments, if any, should be returned to them?

7. Are there any other issues the parties wish to address?

Dated: February 21, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE