**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T COMMUNICATIONS OF CALIFORNIA, INC., et al.<br><br>Plaintiffs,<br><br>v.<br><br>PAC-WEST TELECOMM, INC., et al.<br><br>Defendants.<br>_____ / | No. C 06-07271 JSW<br><br>**ORDER GRANTING MOTION TO STAY PENDING APPEAL** |

# INTRODUCTION

Now before the Court for consideration is the motion to stay execution of judgment pending appeal filed by Plaintiffs. Pac-West has opposed the motion. The CPUC Defendants have not. The matter is ripe for consideration, and the Court concludes that the matter is suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court has carefully considered the parties' papers and arguments, relevant legal authority, and the record in this case and HEREBY GRANTS Plaintiffs' motion on the condition that they continue to pay sums into the Court registry.

# ANALYSIS

Plaintiffs move for a stay pursuant to Federal Rule of Civil Procedure 62(d), which provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after

filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond."[1]

Plaintiffs also ask that the Court waive the requirement of a bond and, instead, allow them to continue to pay monies owed to Defendant Pac-West Telecomm, Inc. ("Pac-West") into the Court registry. In opposition, Pac-West argues that this case does not involve a money judgment and that Rule 62(d) applies only when a money judgment is involved. *See, e.g., N.L.R.B. v. Westphall*, 859 F.2d 818, 819 (9th Cir. 1988); *In re Capital W Investors*, 180 B.R. 240, 242-43 (N.D. Cal. 1995). In the alternative, Pac-West asks the Court to bifurcate the judgment, so that the Court does not stay its ruling that the CPUC Decision is not preempted and can be enforced. Pac-West does agree to Plaintiffs request that as an alternative security, Plaintiffs should continue to pay sums owing under the CPUC Decision into the Court registry. (*See* Opp. Br. at 5:18-6:10.)

The Court has set forth the facts underlying the dispute in detail in its Order granting Defendants' cross-motions for summary judgment and denying Plaintiffs' motion for summary judgment. Pertinent to the resolution of this motion is the fact that, in their Complaint, Plaintiffs sought a declaration that the CPUC Decision in this case was unconstitutional and preempted and sought an injunction enjoining the CPUC from enforcing its decision, which required AT&T to compensate Pac-West pursuant to its tariff. (Compl., Prayer for Relief.) Although couched in declaratory and injunctive relief, the crux of the dispute between these two parties is whether Plaintiffs were required to compensate Pac-West pursuant to its tariff. The Court determined that they were. Thus, while the effect of the Court's Order was to order Plaintiffs "to do" a specific act, that act is to pay Pac-West under its tariff.

The Court has considered Pac-West's arguments on bifurcation but finds them to be inapposite. One of the Defendants' primary arguments was that this case was a dispute between two parties and was not a backdoor attempt by the CPUC to engage in generic rulemaking, thereby distinguishing this case from *Pacific Bell v. Pac-West Telecomm, Inc.*, 325 F.3d 1114

---

[1] On of the exceptions is with respect to appeals of injunctive relief. The Court discusses the applicability of that exception later in this Order.

2

(9th Cir. 2003). Pac-West cannot have it both ways, and to adopt Pac-West's rationale that the judgment can be bifurcated would seriously undermine the argument that the CPUC was not engaging in generic rulemaking.[2]

Pac-West does not seriously argue that the sums that Plaintiffs are required to pay cannot be "calculated and secured with relative ease." *J. Perez & CIA, Inc. v. United States*, 747 F.2d 813, 814 (1st Cir. 1984). Thus, although Plaintiffs Prayer for Relief sought both a declaration and an order enjoining the CPUC from enforcing the decision in favor of Pac-West, the Court concludes that this case is more akin to a case involving a money judgment than a case involving injunctive relief. Rule 62(d) therefore applies. *See, e.g., Bolt v. Merrimack Pharm.*, 2005 WL 2298423 at *2 (E.D. Cal. Sep. 20, 2005) (concluding that action for declaratory judgment that determined defendant's net worth was akin to money judgment because it would enable to determine the specific sum of money to which he was entitled).

Because Pac-West does not otherwise contest Plaintiffs' request for a waiver of a supersedeas bond, and because the Court concludes that the record demonstrates that allowing Plaintiffs to continue to deposit funds into the Court registry will provide an adequate alternate form of security, the Court GRANTS Plaintiffs' motion. Execution of the judgment shall be stayed pending appeal, the Clerk shall not release any of the funds currently in the escrow account to Pac-West absent a further Order of this Court, and Plaintiffs shall continue to deposit funds into that account on the terms and conditions previously ordered.

//
//
//
//
//

**CONCLUSION**

---

[2] Although in their Complaint, Plaintiffs sought an order enjoining the CPUC from enforcing the decision, none of the arguments presented to the Court addressed the factors typically considered in evaluating whether injunctive relief is appropriate. Accordingly, the Court concludes that this case would not involve the exception set forth in Federal Rule of Civil Procedure 62(a)(1).

3

For the foregoing reasons, Plaintiffs' motion for a stay pending appeal is GRANTED.

**IT IS SO ORDERED.**

Dated: September 19, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

cc: Finance Department