**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AT&T COMMUNICATIONS OF
CALIFORNIA, INC., et al.

    Plaintiffs,

  v.

PAC-WEST TELECOMM, INC., et al.

    Defendants.

No. C 06-07271 JSW

**ORDER FOLLOWING REMAND**

On June 21, 2011, the United States Court of Appeals for the Ninth Circuit reversed this Court's decision to grant the Defendants' cross-motion for summary judgment and to deny Plaintiffs' motion for summary judgment. *AT&T Telecommunications of California, Inc. v. Pac-West Telecomm, Inc.*, 651 F.3d 980, 2011 WL 2450986 (9th Cir. 2011). The Court held a case management conference on September 16, 2011, and the parties were unable to agree on the language of a proposed Order or Judgment in light of the Ninth Circuit's ruling. The Court has considered the parties' positions set forth in a case management statement filed by Plaintiffs and Pac-West, and the CPUC Defendants' separate statement. (Docket Nos. 126-127.) The Court notes that when it voiced the opinion that the dispute was finally resolved, it was referring only to the proceedings in this Court.

The parties stipulated to all the material facts and, thus, this Court and the Ninth Circuit were presented with the purely legal issue of whether the whether the compensation regime set forth in *In the Matter of Implementation of the Local Competition Provisions in the*

*Telecommunications Act of 1996, Intercarrier Compensation for ISP-Bound Traffic*, 16 F.C.C.R. 9151 (2001) ("*ISP Remand Order*") applied to ISP bound traffic exchanged between two competitive local exchange carriers ("CLECs"). The Ninth Circuit held that it did and, as a result, determined that the California Public Utilities Commission decision to rely on Pac-West's state-filed tariffs to set the rates for such traffic was preempted and invalid. *AT&T Telecommunications*, 651 F.3d at __, 2011 WL 2450986 at *16 & n.20. Accordingly, for the reasons set forth in that opinion, AT&T's motion for summary judgment is granted, and the Defendants' cross-motions for summary judgment are denied.

AT&T is entitled to a declaration that CPUC Decision 06-06-055 (the "Decision") is preempted by the Communications Act of 1934, the Telecommunications Act of 1996, and the FCC's Implementing Regulations, and therefore is invalid, because the *ISP Remand Order*'s compensation regime applies to ISP bound traffic exchanged between two CLECs. *AT&T Telecommunications*, 651 F.3d at __, 2011 WL 2450986 at *2, *16 & n.20. The Court also shall issue the injunction requested by AT&T, specifically, that "[t]he Defendants are enjoined from enforcing the Decision against AT&T, and from enforcing Pac-West's California intrastate tariff for payment for any ISP-bound traffic originated by AT&T that is terminated by Pac-West." (*See* Docket No. 1 (Compl., Prayer for Relief ¶ 2), Docket No. 121 (Proposed Judgment ¶ 2).)

It is FURTHER ORDERED that the Court awards to AT&T a judgment in the principal sum of $10,112.687.44, together with interest at the applicable rate, which represents the amounts paid by AT&T to Pac-West pursuant to the now-void Decision for the period of time ending on or about August 21, 2006.

It is FURTHER ORDERED that all amounts paid by AT&T into the registry of the Clerk of the United States District Court for the Northern District of California pursuant to this Court's April 13, 2007 Order, together with all interest accrued thereon, shall be released to AT&T, which represents amounts paid by AT&T to Pac-West pursuant to the now-void decision for the period of time beginning on or about August 22, 2006 to the present.

//

The Court shall issue a separate judgment, and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: October 11, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

cc: Finance Department